IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE LITTLEJOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-025 |
| | ) | |
| DR. AJAI KALLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 3), and this action be **DISMISSED** without prejudice.

I.     BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their

lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's filing history reveals he has brought over seventy-five federal lawsuits and over thirty appeals to the Eleventh Circuit Court of Appeals since March 2020. An overwhelming amount of these cases were dismissed as frivolous, malicious, or for failure to state a claim, all of which count as strikes. See, e.g., Littlejohn v. Carter, No. 1:20-CV-1544- MLB (N.D. Ga. July 2, 2020); Littlejohn v. Atkins, No. 1:20-CV-1749-MLB (N.D. Ga. July 2, 2020); Littlejohn v. Warren, No. 1:20-CV-1538-MLB (N.D. Ga. July 2, 2020); Littlejohn v. Boyce, No. 1:20-CV-1977-MLB (N.D. Ga. July 28, 2020); Littlejohn v. Hill, No. 1:20-CV-1750-MLB (N.D. Ga. July 28, 2020); Littlejohn v. Brooks, No. 1:20-CV-1748-MLB (N.D. Ga. July 28, 2020). United States District Court Judge Tillman E. Self, III, reminded Plaintiff of a full list of his dismissed cases when dismissing a case filed in the Middle District of Georgia in January 2022. See Littlejohn v. Clerk Miers, et al., No. 5:22-CV-016-TES-CHW, doc. no. 3, pp. 2-3 (N.D. Ga. Jan. 20, 2022). Judge Self also included a list of cases where Plaintiff had been previously identified as a "three-striker" and his cases were dismissed pursuant to the three strike provision. See id. at 4.

Notably, in 2021, United States District Judge Michael L. Brown permanently enjoined Plaintiff from filing or attempting to file any new lawsuit or petition in the Northern District of Georgia unless Plaintiff files an application for leave to do so with specific instructions and receives permission from the Court.  See Littlejohn v. Owens, No. 1:21-CV-2320-MLB, doc. no. 21 (N.D. Ga. Dec. 15, 2021); see also Littlejohn v. Wilson, No. 1:20-CV-2991-MLB, doc. no. 6, at pp. 4-5 (N.D. Ga. July 28, 2020).  Plaintiff subsequently attempted to file several cases in outside districts.  These cases were later transferred to the Northern District and dismissed as blatant attempts to forum shop and for Plaintiff's failure to follow the Court's injunctive order.  See, e.g., Littlejohn v. William, et al., No. 123-CV-02495-MLB (N.D. Ga. June 6, 2023); Littlejohn v. Colonel William, et al., No. 123-CV-02953-MLB (N.D. Ga. July 14, 2023).  Plaintiff does not mention any of the above-discussed cases in his three-page handwritten complaint.  (See doc. no. 1, pp. 1-3.)

In sum, because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.     Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Att'y's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).  The Court must consider "not whether each

specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations." Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (*per curiam*) (citing Mitchell, 873 F.3d at 874).

Plaintiff generally complains about his pretrial detainee status, where he was placed on a "mental health evaluation order" from a Cobb County Superior Court Judge and subsequently brought to East Central Regional Hospital in Augusta, Georgia. (See generally doc. no. 1; doc. no. 5.) Plaintiff asserts he was involuntarily medicated with mental health medication and also placed on phone restriction. (Id.) Plaintiff, however, filed a motion to proceed IFP, change of address, and a notice to the Court, all dated March 15, 2024, indicating he has left East Central Regional and resides at a personal address in Hampton, Georgia. (See doc. nos. 3-5.)

Plaintiff's allegations do not demonstrate he faces a present imminent danger as Plaintiff is no longer at East Central Regional and the allegations in his complaint concern past events or are ongoing grievances with his pending Cobb County criminal case. Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown, 387 F.3d at 1349). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 20212) (*per curiam*) (explaining "vague statements do not satisfy the dictates of § 1915(g)); Sutton v. Dist. Att'y's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*)

4

(rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception).

Without specific allegations that an injury is imminent, Plaintiff does not satisfy the imminent danger exception.  See Skillern, 202 F. App'x at 344; Brown, 387 F.3d at 1350; see also Odum v. Bryan Cnty. Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).  Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 3), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 2nd day of April, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA